1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2
   MARK L. KROTOSKI (CASBN 138549)
3  Chief, Criminal Division

4  C. David Hall
   Assistant U.S. Attorney
5
   450 Golden Gate Ave (11th Floor)
6  San Francisco, CA 94102
   Telephone: (415) 436-7200
7
   Attorneys for the United States
8

FILED
MAY 22 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 3-07-70299 NJV |
| Plaintiff, | |
| v. | NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| Ernest Fedeli | |
| Defendant. | |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on 5-21-07, the above-named defendant was arrested based upon an arrest warrant (copy attached) issued upon an

☒ Indictment

☐ Information

☐ Criminal Complaint

☐ Other (describe) _____

pending in the Northern District of Illinois, Case Number 07-CR-274.

///

///

///

1

1 | In that case, the defendant is charged with a violation(s) of Title(s) 18 United States Code,
2 | Section(s) 1711.
3 | Description of Charges: Conspiracy & Embezzlement of Postal money.

Respectfully Submitted,

SCOTT N. SCHOOLS
UNITED STATES ATTORNEY

Date: 5-22-07

[signature]

Assistant U.S. Attorney

2

MAY 17 2007

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAGISTRATE JUDGE COLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 274   JUDGE HIBBLER |
| v. ) | |
| ) | Violations: Title 18, United States Code, |
| ERNEST FEDELI ) | Sections 1341, and 1711 |
| ) | |
| ) | **SUPERSEDING INDICTMENT** |

### COUNT ONE

The SPECIAL AUGUST 2006-2 GRAND JURY charges:

On or about May 7, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

ERNEST FEDELI,

defendant herein, being a United States Postal Service employee, namely, Finance Manager for the Chicago District, did convert to his own use, in a manner not authorized by law, money in the amount of approximately $5,900.00, which had come into his hands and was under his control in the execution of and under color of his employment;

In violation of Title 18, United States Code, Section 1711.

## COUNT TWO

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.  At times material to this indictment:

    a.  Defendant ERNEST FEDELI ("FEDELI") was employed by the United States Postal Service as a Finance Manager for the United States Postal Service Chicago District from approximately 1994 to 2003. As Finance Manager, defendant FEDELI's duties included ensuring efficient and effective financial operations at the district and local levels for the United States Postal Service.

    b.  The United States Postal Service sponsored an organization called the Social and Recreation Committee (hereinafter "SRC"). The members of the SRC were employees of the United States Postal Service. The SRC worked to better the lives of United States Postal Service employees by organizing and partially sponsoring various social events.

    c.  Defendant FEDELI was management's representative on the SRC and, as a result, defendant FEDELI had a leadership role on the SRC and had primary responsibility for the finances of the SRC.

    d.  The SRC used Post Office Box 5154, Chicago, Illinois, 60680, to receive mail and defendant FEDELI had a key to this Post Office Box.

    e.  The SRC maintained a bank account for SRC finances at Amalgamated Bank in Chicago, Illinois (hereinafter, "SRC Account"). Defendant FEDELI was a signatory to the SRC Account.

    f.  The SRC received funding, in part, from ACE Coffee Bar (hereinafter,

2

"ACE"), which had a service contract with the United States Postal Service to provide cafeteria services at the postal facility located at 433 W. Harrison Street, Chicago, Illinois. The service contract between ACE and the United States Postal Service provided that a portion of ACE's profits were to be used to fund the SRC.

g.  Payments in the form of checks made from ACE to the SRC pursuant to its service contract with the United States Postal Service were delivered to the Finance Department of the United States Postal Service Chicago District at their office located within the postal facility at 433 W. Harrison Street, Chicago, Illinois. All checks received from ACE for the benefit of the SRC were to be deposited either directly into the SRC account or into a United States Postal Service Trust Account (hereinafter, "Trust Account") for subsequent credit to the SRC Account.

h.  The United States Postal Service sponsored a Unity Day event, which was a charity event attended by United States Postal Service employees. The Unity Day event was separate and distinct from the SRC. The Unity Day Committee, which consisted of United States Postal employees, planned the Unity Day event. In 1994, the Unity Day Committee opened a bank account at Old Kent Bank (which has since become Fifth Third Bank) (hereinafter, "the Unity Day Account") in connection with their efforts to organize the Unity Day charity event. Bank statements for the Unity Day Account were originally mailed to 433 W. Buren, Room 430, Chicago, Illinois. The mailing address for the Unity Day Account, listed with Old Kent Bank, was later changed to Post Office Box 5154, Chicago, Illinois 60680. As a result, beginning no later than May 1997, monthly statements for the Unity Day Account were mailed to Post Office Box 5154.

i.  The Unity Day Committee stopped planning any charity events in

3

approximately 1998. After 1998, the Unity Day Committee neither made deposits into, nor withdrawals out of, the Unity Day Account.

j.  Defendant FEDELI maintained a personal bank account at First Chicago Bank (which has since become Chase Bank) (hereinafter, the "FEDELI Account").

2.  Beginning in or about June 1997, and continuing to at least on or about May 23, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

ERNEST FEDELI,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money from the SRC and the United States Postal Service, by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described in the following paragraphs.

3.  It was part of the scheme that beginning in or about June 1997, defendant FEDELI began fraudulently diverting checks and other funds received from ACE for the benefit of the SRC by depositing said checks and funds into the Unity Day Account.

4.  It was further part of the scheme that in or about 1998, defendant FEDELI learned that the Unity Day committee no longer needed the Unity Day Account.

5.  It was further part of the scheme that in or about 1998, Individual A, who was an authorized signatory on the Unity day Account, asked defendant FEDELI, in his capacity as Finance Manger, for assistance in closing the Unity Day Account. In response, defendant Fedeli falsely told Individual A that he would close the account for Individual A.

6.  It was further part of the scheme that, from in or about June 1997 to in or about May

4

2002, defendant FEDELI fraudulently diverted checks and other funds received from ACE for the benefit of the SRC by depositing said checks and funds into the Unity Day Account.

7. It was further part of the scheme that defendant FEDELI would deposit these checks into the Unity Day Account, rather than deposit the checks into the Trust Account or the SRC Account in order to facilitate his theft of the funds.

8. It was further part of the scheme that from in or about June 1997 to in or about May 2002 defendant FEDELI fraudulently and without authorization withdrew the SRC funds that he had fraudulently diverted into the Unity Day Account by writing checks on the Unity Day Account to himself and depositing these checks into the FEDELI Account.

9. It was further part of the scheme that from in or about June 1997 to in or about May 2002 defendant FEDELI maintained control and access to Post Office Box 5154 so that he could conceal his fraudulent deposits and withdrawals related to the SRC Account and the Unity Day Account.

10. It was further part of the scheme that between May 1997 to in or about May 2003, Fedeli fraudulently deposited approximately 61 checks into the Unity Day Account, totaling approximately $195,000. It was also part of the scheme that between June 1997 and May 2002, defendant FEDELI fraudulently withdrew approximately $196,000 from the Unity Day Account by writing approximately 43 checks to himself from the Unity Day Account and depositing those checks into the FEDELI Account.

11.  In or about late May or early June 2002, but no earlier than May 23, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

ERNEST FEDELI,

defendant herein, for the purpose of executing the aforesaid scheme, knowingly did cause to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, an envelope containing a bank statement for the Unity Day Account for the period April 24, 2002 through May 23, 2002, addressed to Chicago Performance Cluster Unity Day Committee, P.O. Box 5154, Chicago, Illinois 60680;

In violation of Title 18, United States Code, Section 1341.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

6